```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**ELGIN R. ROBINSON, JR.,**

                Petitioner,

      v.                              CASE NO. 17-3169-SAC

**MARTIN J. SAUERS,**

                Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. §2254. Petitioner proceeds pro se, and the Court grants leave to proceed in forma pauperis.

**Screening**

The Court has conducted an initial screening of the petition under Rule 4 of the Rules Governing 2254 Cases in the United States District Courts.

In 2008, petitioner was convicted of crimes including capital murder in Sedgwick County, Kansas. He is serving a term of life without parole. Petitioner's conviction was affirmed on direct appeal by the Kansas Supreme Court. *State v. Robinson*, 270 P.3d 1183 (Kan. 2012). His direct appeal was decided on March 2, 2012, and became final for habeas corpus purposes ninety days later, when the time for seeking review in the United States Supreme Court ended.

Petitioner filed his first post-conviction action on March 18, 2012, which tolled the running of the habeas corpus limitation period. That post-conviction action became final upon the denial of review by the Kansas Supreme Court on June 2, 2017. *Robinson v. State*, 367 P.3d 1284 (Table), 2016 WL 1169381 (Kan. App. Mar. 25, 2016), *rev.*

*denied*, June 2, 2017.

Two actions currently are pending in the state courts: petitioner's second post-conviction action under K.S.A. 60-1507, filed on September 21, 2017, and a motion for new trial filed on March 6, 2016.[1]

### Discussion

Petitioner moves the Court to stay and abey the petition to allow him to exhaust unexhausted claims. A motion to stay may be granted where (1) the petitioner shows good cause for the failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) there is no showing that the petitioner "engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

Petitioner has the burden to show that he is entitled to a stay. *Carter v. Friel*, 415 F.Supp.2d 1314, 1317 (D. Utah 2006).

In deciding whether to grant a stay under *Rhines*, a Court should consider whether "the petitioner ha[s] a brief amount of time remaining on his federal statute of limitations clock." *Doe v. Jones*, 762 F.3d 1174, 1180 (10th Cir. 2014). The Court has examined the record and finds that petitioner will not be denied an adequate opportunity to exhaust his claims in the absence of a stay, as it appears that the limitations period has been tolled by the pendency of state post-conviction proceedings since the time his direct appeal was pending. *See* 28 U.S.C. § 2244(d)(2)(the time during which a properly filed application for State post-conviction or other collateral

---

[1] According to on-line records maintained by the state courts, an appeal is pending before the Kansas Supreme Court concerning the denial of petitioner's motion for a new trial, Case No. 116650, *see* http://tpka=pitss.kscourts.org.8888/pls/ar/CLERKS_OFFICE.listLISThttp://tpka-pitss.kscourts.org:8888/pls/ar/CLERKS_OFFICE.list_case; and his second application for post-conviction relief under K.S.A. 60-1507, Case No. 17cv2183, is pending in the District Court of Sedgwick County. *See* https://www.kansas.gov/county?Courts/search/records/235220204?execution.

review is pending is not counted against the habeas corpus limitation period).

Petitioner continues to present his claims in the state courts, and there is no ground in the present record that warrants a stay in this matter. Accordingly, the Court will deny the motion to stay and abey and will dismiss this matter without prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to proceed in forma pauperis (Doc. #3) is granted.

IT IS FURTHER ORDERED petitioner's motion to stay the petition (Doc. #4) is denied.

IT IS FURTHER ORDERED this matter is dismissed without prejudice.

IT IS FURTHER ORDERED no certificate of appealability shall issue in this matter.

**IT IS SO ORDERED.**

DATED:  This 6th day of April, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge